UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

DAVID G. SPROUSE, and wife, )
JUDY K. SPROUSE, )
 )
      Plaintiffs, )
 )
v. ) No. 1:18-CV-260
 )
DITECH FINANCIAL, LLC, and )
WILSON & ASSOCIATES, PLLC, )
 )
      Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Wilson & Associates' ("W&A's") motion to dismiss [doc. 12]. Plaintiffs have responded [doc. 15], and Defendant W&A has replied [doc. 16]. For the reasons stated below, Defendant W&A's motion to dismiss [doc. 12] will be granted.

## I.     Background

The Plaintiffs, a married couple, filed suit against Ditech Financial, LLC, ("Ditech") and W&A, based on an attempted foreclosure on their home. [Doc. 1-1]. Plaintiffs allege that the foreclosure proceedings were initiated due to an alleged default on a promissory note. [*Id*. at 3]. However, Plaintiffs allege that they made their regular monthly mortgage payments on the loan to Defendant Ditech, including payments in December 2015, and January, February, April, and May of 2016. [*Id*. at 4]. Plaintiffs state that, on June 9, 2016, they were notified by Defendant Ditech that it had forwarded their mortgage for

foreclosure, and Plaintiffs were unable to contact Defendant Ditech, because the telephone numbers for Defendant Ditech had been disconnected. [*Id*. at 4]. Plaintiffs ultimately mailed both Defendant Ditech and Defendant W&A copies of their bank confirmations showing debits for mortgage payments, but Defendant Ditech informed them that such was insufficient as proof of payment. [*Id*. at 5]. Plaintiffs state that on July 28, 2016, August 25, 2016, and August 24, 2016, they received notices of a foreclosure sale set for September 26, 2016 from W&A, but they did not receive any other communication from the Defendants. [*Id*.]. Plaintiffs allege that they were ultimately forced to file for bankruptcy to prevent their home from being purchased at a foreclosure sale, even though they were not in default on the mortgage. [*Id*. at 6].

Plaintiffs allege claims of negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violations of the Fair Debt Collection Practices Act ("FDCPA"). [*Id*. at 6-11]. As to the negligence claim, Plaintiffs assert that Defendants had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and breached this duty by failing to properly apply Plaintiffs' payments towards the loan. [*Id*. at 6]. The Plaintiffs assert that the Defendants breached the note and deed of trust, as well as the implied covenant of good faith and fair dealing, by failing to apply the payments that Plaintiffs made to the loan. [*Id*. at 7-8]. As to unjust enrichment, the Plaintiffs simply state that, on the same facts, the Defendants were unjustly enriched and the Plaintiffs unjustly deprived. [*Id*. at 9]. Finally, as to the FDCPA, the Plaintiffs assert that the Defendants failed to properly disclose to Plaintiffs that the

foreclosure sale would actually occur. [*Id.*]. The Plaintiffs also allege that the Defendants violated Tenn. Code Ann. §§ 35-5-114 and 35-5-117. [*Id.* at 9-10].

Defendant W&A has filed a motion to dismiss the claims against it. [Doc. 12]. Defendant W&A contends that W&A is not liable even if the allegations in the complaint are true, because, under Tenn. Code. Ann. § 35-5-116(f), a trustee is not liable for good faith reliance on the information provided by the borrower or secured party. [Doc. 13 at 6-7]. W&A asserts that the complaint made no allegation that W&A intentionally relied on false information or relied on the information in bad faith. [*Id.* at 7]. Defendant W&A emphasizes that it did not handle the Plaintiff's loan in any capacity, and was not a party to any contract with the Plaintiffs, but was merely a trustee conducting foreclosure proceedings. [*Id.* at 7, 9-11]. As to the claim for unjust enrichment, Defendant W&A states that Plaintiffs failed to specify any benefit that was conferred upon W&A, or how such benefit was obtained under inequitable circumstances. [*Id.* at 11-12]. Finally, as to the FDCPA claim, Defendant W&A alleges that Plaintiffs were aware, or should have been aware, of such claim no later than September 26, 2016, and the claim, which was filed in September 2018, was barred by the one-year statute of limitations. [*Id.* at 13].

Plaintiffs respond[1] that, once they provided Defendant W&A, the substitute trustee, with proof of payments, they should not have been placed in the position to face foreclosure proceedings, because they were not in default. [Doc. 15 at 3]. Plaintiffs state that they

---

[1] The Court notes that Plaintiff's response, filed on December 28, 2018, was untimely under this Court's local rules. *See* E.D. Tenn. Local Rule 7.1(a) (providing that a party has 21 days to respond to a dispositive motion). However, the Court, in its discretion, has considered the arguments raised in the Plaintiffs' response.

3

mailed Defendant W&A correspondence and copies of Plaintiff's bank confirmations showing the debits for the mortgage payments going to Defendant Ditech, but Defendant W&A did not exercise reasonable care to determine if there was a justifiable reason to foreclose on Plaintiffs' home prior to sending Plaintiffs notice letters. [*Id*. at 3-4]. Plaintiffs further state that, although no foreclosure occurred, they were forced to enter bankruptcy as a result of the situation, and Defendant W&A failed to meet the standards of its fiduciary duties as a substitute trustee. [*Id*. at 4].

Defendant W&A replies that Plaintiffs' statements regarding a trustee's duties are incorrect. [Doc. 16 at 2]. Defendant W&A argues that, contrary to Plaintiffs' assertion that a trustee has a duty to assess the legitimacy of the lender's claims, Tenn. Code Ann. § 35-5-116(f) states on its face that a trustee is not liable for a good faith error resulting from reliance on information provided by the borrower or secured party. [*Id*. at 4]. Defendant W&A further states that Tennessee courts have found that, under this statute, a trustee does not have a duty to investigate the lender's claims, and federal courts have interpreted the statute likewise. [*Id*. at 4-6]

## II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTTV, Inc. v. Treesh*, 487 F.3d 471,

4

476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal citations and quotation marks omitted). Dismissal under Rule 12(b)(6) "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.").

**A. State Law Claims**

Here, the Plaintiffs attempt to lump Defendant W&A together with Defendant Ditech, and fail to specifically state which action or inaction is attributed to a specific defendant. As to their causes of action for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing, the Plaintiffs' main contention is that they made mortgage payments that were not properly applied to their account, and Defendant W&A had a duty to ensure that the foreclosure that was turned over to it by Defendant Ditech was valid. However, under Tenn. Code. Ann. § 35-5-116(d), a trustee is not liable for any good faith error resulting from reliance on any information in law or fact provided by the secured party. *See Baker v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-1222, 2014 WL 1795176, at *5 (M.D. Tenn. May 6, 2014) (holding that a substitute trustee has no independent duty to investigate the merits of a lender's request to conduct a foreclosure sale). Because Plaintiffs have not alleged that Defendant W&A acted in bad

faith in relying on the information provided by Defendant Ditech, and Plaintiffs have admitted that W&A was the successor trustee, not a party to the Note [doc. 1-1 at 2-4], Tennessee law does not give the Plaintiffs the right to sue W&A under the facts, as alleged in their complaint. As the Tennessee Court of Appeals found in *Baker*, a substitute trustee has no duty to determine "who owned the [indebtedness], whether Plaintiff was in default, whether there were preforeclosure settlement discussions, or whether additional fees were added to the note." *Id*. Accordingly, because Defendant W&A was not a party to the Note and had no duty to determine these facts, Plaintiffs have failed to state a claim of negligence, breach of contract, or breach of the implied covenant of good faith and fair dealing that is plausible on its face as to Defendant W&A.

As to the Plaintiffs' claim of unjust enrichment, in Tennessee, "[t]he elements of an unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Advanced Sec. Serv. Evaluation and Training, LLC v. OHR Partners Ltd.*, No. M2017-249-COA-R3-CV, 2018 WL 1391626, at *11 (Tenn. Ct. App. Mar. 20, 2018) (internal quotation marks and alterations omitted). Plaintiffs' complaint states only that "the Foreclosing Defendants have been unjustly enriched at the expense of Plaintiffs[.]" [Doc. 1-1 at 9]. Plaintiffs provide no further allegations as to how Defendant W&A was enriched at the expense of the Plaintiffs, and instead, Plaintiffs admit that no foreclosure ever occurred. [*Id*. at 6]. Plaintiffs' only alleged damage is their filing for bankruptcy, and there is no allegation that Defendant W&A benefitted from the bankruptcy

proceeding. Thus, Plaintiffs have failed to state a plausible allegation that Defendant W&A received a benefit from the Plaintiffs, which is an essential element of the unjust enrichment claim. Therefore, the Court finds that Plaintiffs have failed to state a claim of unjust enrichment against Defendant W&A.

Further, under the heading of their FDCPA claim, the Plaintiffs appear to allege violations of various Tennessee statutes relating to foreclosure proceedings. [*Id.* at 9-10]. Specifically, Plaintiffs allege that the Defendants violated Tenn. Code Ann. §§ 35-5-114 and 35-5-117(d). [*Id.*]. However, other than a cursory statement that Defendants violated these sections of the Tennessee Code, the complaint contains only a summary of what the Code allegedly says, but no factual allegations as to how the Defendants violated such. [*Id.*]. Notably, Tenn. Code. Ann. § 35-5-117, which addressed publication of a notice of a foreclosure sale, was repealed by statute in 2013, and thus, is not a viable claim relating to a foreclosure action instituted in 2016. Tenn. Code. Ann. § 35-5-117 (2012), *repealed by* 2011 Pub. Acts, c. 122, § 4, eff. Jan. 1, 2013.

> The portion of § 35-5-114 cited by Plaintiffs states that:
>
> In the event the substitution of trustee is not recorded prior to the first date of publication by the substitute trustee, the beneficiary shall include in the substitution of trustee instrument, which shall be recorded prior to the deed evidencing sale, the following statement:
>
>> Beneficiary has appointed the substitute trustee prior to the first notice of publication as required by T.C.A. § 35-5-101 and ratifies and confirms all actions taken by the substitute trustee subsequent to the date of substitution and prior to the recording of this substitution.

Tenn. Code. Ann. § 35-5-114(b)(3)(A). Plaintiffs assert that a cause of action for violation of this statute exists under § 35-5-107, which states that an officer or person who violates this chapter is liable to the party injured by the noncompliance for all damages resulting from the failure. Tenn. Code. Ann. § 35-5-107. Assuming, without deciding, that civil liability exists for violation of § 35-5-114(b)(3)(A), the Plaintiffs have failed to allege any factual allegations indicating that any party violated this statute, nor less Defendant W&A. Plaintiffs' conclusory allegation that the Defendants violated § 35-5-114, without any supporting factual allegations, fails to state a claim. Moreover, the statute, on its face, does not appear to apply to Defendant W&A, as W&A was the substitute trustee, not the beneficiary, and the statute appears to obligate the beneficiary, not the substitute trustee, to comply with its procedures. Accordingly, the Court finds that Plaintiffs have failed to state a plausible claim for relief under Tenn. Code Ann. §§ 35-5-114 and 35-5-117 against Defendant W&A.

**B. Fair Debt Collection Practices Act Claim**

As to their FDCPA claim, Plaintiffs again fail to distinguish what allegations relate to each Defendant, and instead, refer to the actions of "the Foreclosing Defendants." Plaintiffs main contention appears to be that Defendant W&A "did not properly disclose to Plaintiffs that the foreclosure sale would actually occur." [Doc. 1-1 at 9].

An action to enforce any liability under the FDCPA may be brought within one year from the date on which the violation occurs. *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 429 (6th Cir. 2015) (quoting 15 U.S.C. § 1692k(d)). A cause of action based on

8

defects apparent in a letter sent by a debt collector accrues at the time that the debtor receives the letter. *Id*. at 430.

Because the Plaintiffs' FDCPA claim appears to relate to the letters sent by W&A, and whether or not such contained sufficient indication that a foreclosure sale would actually occur, the statute of limitations began to run at the time when the Plaintiffs received these letters. In their complaint, Plaintiffs admit that they received notices on or about July 28, 2016, August 24, 2016, and August 25, 2016. [Doc. 1-1 at 5]. Accordingly, the statute of limitations for an FDCPA claim based upon these notices expired, at the latest, on August 25, 2017. However, the Plaintiffs did not file the instant action until September 27, 2018. Accordingly, their FDCPA claims are barred by the statute of limitations.

Although some courts have allowed equitable tolling of the FDCPA statute of limitations, the Sixth Circuit has not yet held that the FDCPA permits equitable tolling. *Fillinger v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 340 (6th Cir. 2015). Regardless, the Plaintiffs have not pleaded any facts that would indicate an entitlement to equitable tolling, and further, the Plaintiffs did not address the statute of limitations in responding to the motion to dismiss. Accordingly, because any FDCPA claims are barred by the statute of limitations, the Plaintiffs have failed to state an FDCPA claim upon which relief can be granted against Defendant W&A.

### III. Conclusion

Accordingly, for the forgoing reasons, Defendant W&A's motion to dismiss [doc. 12] will be granted. This action will be dismissed as to Defendant W&A. An order consistent with this opinion will be entered.

          s/ Thomas W. Phillips
          SENIOR UNITED STATES DISTRICT JUDGE